**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TEJBEER SINGH,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No.   19-70906

Agency No. A215-666-767

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2021[**]
Pasadena, California

Before: KLEINFELD, NGUYEN, and LEE, Circuit Judges.

Tejbeer Singh, a native and citizen of India, challenges the Board of

Immigration Appeals' (BIA) dismissal of his appeal of an immigration judge's (IJ)

denial of his applications for asylum, withholding of removal, and relief under the

Convention Against Torture. He also challenges the BIA's denial of his motion to

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand for consideration of eligibility for voluntary departure. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part and deny it in part.

1. The government's failure to include the time and place of proceedings in Singh's putative Notice to Appear (NTA) did not deprive the IJ of jurisdiction over Singh's removal proceedings. *See Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019). Therefore, we deny Singh's petition to the extent he challenges the agency's jurisdiction.

2. Singh sufficiently exhausted his challenge to the IJ's adverse credibility determination because his BIA brief put the BIA on notice of this challenge. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Yet the BIA failed to discuss any of the reasons underpinning the IJ's adverse credibility determination. We therefore remand with instructions to consider whether, based upon the specific inconsistencies and implausibilities the IJ identified, the adverse credibility finding was clearly erroneous. *See Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) ("[W]e do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as 'most significant' and did not otherwise mention.").

3. Singh sufficiently raised his challenge to the IJ's past persecution finding, *see Bare*, 975 F.3d at 960, yet the BIA failed to address it. Because the BIA is "not free to ignore arguments raised by a petitioner," we remand for the BIA to

consider Singh's challenge to the IJ's past persecution finding. *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005).

4. Under *Posos-Sanchez v. Garland*, Singh's period of continuous physical presence for purposes of post-conclusion voluntary departure did not end when the government served the putative NTA or when the immigration court later mailed Singh a hearing notice. 3 F.4th 1176, 1185 (9th Cir. 2021) ("[A] noncitizen builds up physical-presence time under § 1229c(b)(1)(A) from the moment he enters the United States until the moment he receives a *single* document that provides him with all the information Congress listed in 8 U.S.C. § 1229(a)—*i.e.*, a § 1229(a) NTA.") (emphasis added). We therefore remand the BIA's denial of Singh's motion to remand so that the BIA can reconsider Singh's eligibility for voluntary departure under 8 U.S.C. § 1229c(b)(1)(A).

5. Singh argues that because the government failed to serve him with an NTA that complied with 8 U.S.C. § 1229(a), his proceedings should be terminated. *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021), which was decided after the BIA issued their decision in Singh's case, may be relevant to this question. We therefore remand for the BIA to consider in the first instance what remedy, if any, is appropriate for the government's failure to issue an NTA that complies with the statute. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (describing the ordinary remand rule).

**PETITION GRANTED IN PART, DENIED IN PART.**[1]

---

[1] The motion for a stay of removal [Dkt. No. 6] is granted. Singh's removal is stayed pending a decision by the BIA. Each party shall bear its own costs.